# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Robert Hoon, Jr.,

            Plaintiff,         Case No. 17-cv-10494

v.                                   Judith E. Levy
                                   United States District Judge

Commissioner of Social Security,
                                   Mag. Judge Anthony P. Patti

           Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE PATTI'S REPORT AND RECOMMENDATION [19]

On February 26, 2018, Magistrate Judge Anthony P. Patti issued a Report and Recommendation recommending the Court deny plaintiff's motion for remand (Dkt. 15), grant defendant's motion for summary judgment (Dkt. 17), and affirm the Commissioner's decision to deny plaintiff benefits under the Social Security Act. (Dkt. 19.)

Plaintiff filed three timely objections to Magistrate Judge Patti's Report and Recommendation on February 26, 2018. (Dkt. 20.) Where a magistrate judge has submitted a Report and Recommendation and a party has timely filed objections to some or all of the Report and

Recommendation, the Court must review *de novo* those parts of the Report and Recommendation to which the party has objected. 28 U.S.C. § 636(b)(1).

## I. Background

The Court adopts by reference the background set forth in the Report and Recommendation, having reviewed it and found it to be accurate and sufficiently thorough. (Dkt. 19 at 2-6.)

## II. Analysis

The Court's review of a determination of the Commissioner of Social Security "is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers*, 486 F.3d at 241). When determining "whether substantial evidence supports the [Administrative Law Judge's ("ALJ")] decision, [the Court does] not try the case de novo, resolve conflicts in evidence, or decide questions of

2

credibility. Instead, [the Court] considers the ALJ's decision determinative if there is such relevant evidence as a reasonable mind might accept as sufficient to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (internal citations and quotations omitted).

A. Objection No. 1

Plaintiff's first objection to Magistrate Judge Patti's Report and Recommendation is that it improperly rejects plaintiff's argument that the ALJ erred in evaluating the credibility of the various doctors who examined and treated plaintiff for his alleged disability. (Dkt. 20 at 1-5.) Plaintiff explains the conclusions of the various doctors that treated him, and explains why the ALJ erred in the weight he assigned to each of them. (*Id.*)

Such an argument is not proper at this stage of the proceedings. A district court does not weigh evidence when reviewing an ALJ's decision, and "if substantial evidence supports the ALJ's decision, [this Court] defer[s] to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r Of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v.*

3

*Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see also Mullins v. Sec'y of Health and Human Servs.*, 836 F.2d 980, 984 ("Claimant's argument rests solely on the weight to be given opposing medical opinions, which is clearly not a basis for our setting aside the ALJ's factual findings.").

In other words, it is not this Court's role to go back through the record and determine which doctor's testimony should be given which amount of weight. Instead, the District Court is limited to determining only if there was "substantial evidence" supporting the ALJ's conclusions. As Magistrate Judge Patti explains in the Report and Recommendation, there is substantial evidence supporting the ALJ's weight determinations for each doctor, and the ALJ complied with the Social Security Administration's regulations for supporting his credibility determinations. (Dkt. 19 at 10-14.) *See* 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6) (laying out factors for weighing doctors' opinions); *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804-05 (6th Cir. 2011) (explaining that the regulations require only "good reasons for the weight given to the treating source's opinion[,] not an exhaustive factor-by-factor analysis.") (internal formatting omitted).

Accordingly, the reasoning in the Report and Recommendation is adopted and plaintiff's first objection is overruled.

B. Objection No. 2

Plaintiff's second objection to the Report and Recommendation is that the Magistrate Judge improperly adopted the ALJ's determination regarding plaintiff's credibility. (Dkt. 20 at 5-6.) Specifically, plaintiff suggests the ALJ's credibility determination is inconsistent with the evidence in the record and improperly relies solely on the opinion of one doctor.

As explained in the Report and Recommendation, the ALJ supported his credibility determination of plaintiff's testimony with substantial evidence. (Dkt. 19 at 22.) In fact, the ALJ provided an exhaustive review of the evidence in the record that led him to determine that plaintiff's own testimony of his symptoms was not entirely credible. This included a review of objective medical evidence. (Dkt. 10-2 at 29-32.) The ALJ incorporated "such relevant evidence as a reasonable mind might accept as sufficient to support the ALJ's conclusion." *Bass,* 499 F.3d at 509. Thus, his conclusion cannot be disturbed.

5

C. <u>Objection No. 3</u>

Plaintiff's third and final objection is that the Report and Recommendation "failed to address in any cogent way the fact that the Plaintiff would miss work and be off task due to his impairments. Thus the RFC was defective in that it did not include all of the Plaintiff's severe impairments and did not address the vocational impact of said impairments." (Dkt. 20 at 6.) However, in establishing the RFC, the ALJ made clear and detailed findings about the testimony he found credible and not credible. (Dkt. 10-2 at 30-32.) None of that testimony or evidence included anything about plaintiff needing to miss work frequently or be off task. Indeed, plaintiff does not cite to any evidence in the record to establish that these limitations were before the ALJ. (Dkt. 20 at 6.) Regardless, the ALJ's RFC determination was supported by substantial evidence, and any failure to disregard plaintiff's potential absenteeism and inability to stay on task was harmless error.

**III. Conclusion**

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. 19), plaintiff's motion for summary judgment is DENIED (Dkt. 15), defendant's motion

for summary judgment is GRANTED (Dkt. 17), and the ALJ's decision is AFFIRMED.

IT IS SO ORDERED.

Dated: March 22, 2018      s/Judith E. Levy
   Ann Arbor, Michigan      JUDITH E. LEVY
                                                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 22, 2018.

                                            s/Shawna Burns
                                            SHAWNA BURNS
                                            Case Manager